OPINION
The Parr Airport is a public use airport in Muskingum County. The airport's runway has been in its current location for more than 30 years. In 1993, appellants John and Robert Bishop purchased property adjoining the airport. In 1999, they applied for a construction permit with the Ohio Department of Transportation, Division of Aviation, to construct a building 22 feet in height. Because ODOT Aviation was aware that the owners of the airport had plans to expand the size of the runway, appellants' construction application was denied.
Also in the spring of 1999, the owners of the airport requested a conditional use permit for a 600 foot runway extension into the City of Zanesville. After appellants' building permit was denied, the airport reduced the request to a 300 foot extension.
Appellants received permission from ODOT Aviation to build a 5,000 to 6,000 square foot manufacturing building with a height of 22 feet, at the end of the Parr Airport runway. However, while the permit application was pending, appellants purchased another property on which to build this manufacturing plant. At present, the only buildings located in the immediate vicinity of the Parr Airport are single story buildings.
As a result of the runway extension, the building height permitted by F.A.A. regulations on appellants' property is reduced by 15 feet.
The Board of Zoning Appeals held a hearing on the airport's application for a conditional use permit to extend the runway. No evidence was introduced at that hearing. The Board of Zoning Appeals granted the conditional use permit.
Appellants appealed the decision of the Board of Zoning Appeals to the court of common pleas. Appellants objected to the fact that there was no formal evidentiary hearing before the Board of Zoning Appeals, but consented to the trial judge hearing the case and making its determination de novo. The court conducted an evidentiary hearing. At the conclusion of the hearing, the court found that the Board of Zoning Appeals properly granted the conditional use permit allowing the extension of the runway, citing the factors contained in 1121.07 of the Codified Ordinance of the City of Zanesville.
Appellants assign a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE ZANESVILLE BOARD OF ZONING APPEALS, WHICH GRANTED A CONDITIONAL USE TO EXTEND THE PAVED RUNWAY AT PARR AIRPORT.
Appellants argue that there is not sufficient evidence to support the court's finding concerning public safety and health, one of the factors the court is required to consider pursuant to the Zanesville Zoning Ordinance. The court found that the expansion would not be detrimental to public safety or health, and would in fact increase public safety by making it easier for planes to land safely at the airport. Appellants argue that the court erred in focusing on the safety of the pilots, rather than on the general public. Appellants argue the record is devoid of any evidence that the safety of the general public will be enhanced.
Zanesville Codified Ordinance 1121.07 does not require that the safety of the general public be enhanced. Rather, the standard provides, "The proposed use shall not be detrimental to the safety or health of the employees, patrons or visitors associated with the use nor of the general public in the vicinity." In the instant case, there is no evidence that the proposed use is detrimental to the safety of the general public in the vicinity. While appellants argue the safety of persons in buildings located near the runway is jeopardized by the conditional use permit, the evidence does not support this claim. While the height of a building which may be constructed near the runway has been reduced, there are currently no buildings in the area which are higher than the permissible limitation. Further, the evidence demonstrated that whether the runway remains at its current length or is extended by 300 feet does not make much difference to safety, as a building should not be placed in the path of the runway regardless of its length. Tr. 168-169.
The assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.